THE STATE OF MISSOURI to the use of ZEIGLER, respondent in error, vs. ST. GEMME & PRATTE, plaintiffs in error.

1. It appeared, from the record of the supreme court, that a judgment of affirmance was entered in a cause. In the printed opinion of the case, it appeared, that it was ordered to be remanded, and that the plaintiff had leave to withdraw his demurrer, and take issue on the plea of the statute of limitations. There was no evidence that this permission was entered of record. The record, in such case, should be so amended as to show the fact, by an application to the supreme court, before any proceedings are had in the court below.

## ERROR to St. Genevieve Circuit Court.

Lewis V. Bogy, plaintiff in error maintains.

1. That the circuit court erred in setting aside its own judgment, after such a lapse of time, that there was no regularity in said judgment.

2. The circuit court erred, not only in reversing its own decision, but also the decision of the supreme court, which *in all things*, and in *manner* and *form*, affirmed the said judgment of the circuit court.

3. The defendants had vested rights, growing out of the decision of the supreme and circuit courts, of which they could not be deprived in this summary way.

4. The circuit court, in permitting the case to be tried *denovo*, as if no judgment had ever been given for the defendant, acted against law and against precedent.

5. The circuit court had no further jurisdiction of the case, therefore the defendant, plaintiff in this court, declined to appear, either by himself or counsel, Mr. Cole as *amicus curiae*, offerring for him.

Hill, for respondent in error, presents the following :

1. On this record the defendants are clearly entitled to a judgment upon the judgment of the circuit court, and the affimation of the judgment of the supreme court. There is not, in either judgment, any exception or qualification; and the opinion of the supreme court in the case of Menow vs. Depts, has no effect on the record of the judgment in this case.

2. The judgment in the case in the supreme court, does not authorise the plaintiff to amend or to withdraw the demurrer; and without such leave the judgment on a demurrer is final.

3. The non-suit of the plaintiff was voluntary, without leave to set it aside, and *that* judgment was affirmed, and is final.

Scott, J., delivered the opinion of the court.

This was an action, commenced in the name of the State of Missouri to the use of C. C. Zeigler, on an administration bond. The case was brought in the circuit court of Ste. Genevieve county, and a plea, that the cause of action did not accrue within ten years, was filed. A demurrer to this plea was overruled, and after judgment the cause was

taken to the supreme court, at Jefferson, in the year 1843. In that court, it appears by its record, that a judgment of affirmance was entered. In the printed opinion of the case, it seems, that it was ordered to be remanded, and that the plaintiff have leave to withdraw his demurrer if he wished. We have no evidence that this permission was entered of record. Under this direction, the plaintiff took the cause back to the circuit court and proceeded in pursuance to it. In the mean time the defendants moved to dismiss the cause from the docket, for the reason, that there was a final judgment in the supreme court, and no leave had been given for further proceedings. This motion was overruled, and after judgment for the plaintiff the cause was brought here.

There being a final judgment of affirmance in the supreme court, and it not appearing from the record that the cause was remanded to the circuit court, with leave for further proceedings, it is not perceived on what principle it could be prosecuted in the court below. The pleadings having been made up, the suit could not be defeated by the defence of a former judgment, and the course pursued by the defendant was the only one open to him. If leave was really given, to withdraw the demurrer and take issue on the plea of the statute of limitations, the record should have been so amended as to show that fact, by an application to this court before any proceedings were had in the court below. While the written opinions of this court, or certified copies of them, might be resorted to, as guides in amending its records, it would be unsafe, as well as unwarranted by any principle, to give the printed decisions any such force.

The judgment will be reversed and the cause remanded, to enable the party to amend his record, he paying the cost of this writ. The other judges concurring.